UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

GOODRICH MANAGEMENT CORP.,

          Plaintiff,

          v.

FLIERWIRE INC.,
d/b/a SCHIEN MEDIA,

          Defendant.

Civil Action No. 08-5818 (PGS)

**MEMORANDUM AND ORDER**

      This matter comes before the Court on Defendant, Schien Media's, motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), or in the alternative, to transfer venue pursuant to 28 U.S.C. § 1404(a). The Court, after reviewing the matter, concludes that there is no subject matter jurisdiction and dismisses the case pursuant to Fed. R. Civ. P. 12(h)(3). Further, the Court adopts in its entirety the Honorable Katherine S. Hayden's recent decision in *Landsman & Funk, P.C. v. Skinder-Strauss Assocs.*, Civ. Action No. 08-3610, 2009 WL 1916316 (D.N.J. June 30, 2009), which addressed the identical issues and substantially the same facts as this matter (and notably the same counsel for Plaintiff in both cases). In addition, the Court has considered the matter of *Goodrich Management v. Afgo Mechanical Services, Inc.*, Civ. Action No. 09-00043, 2009 WL 2602200 (D.N.J. Aug. 24, 2009).

      Here, as in *Landsman* and *Afgo*, the Plaintiff brought a putative class action under the Telephone Consumer Protection Act (TCPA) alleging that the Defendant sent unsolicited faxes in violation of the TCPA. The *Afgo* case and the one before this Court involve identical issues,

facts, and even the same plaintiff. The only factual distinction from *Landsman* is that here the Defendant is a New York business and allegedly sent two unsolicited faxes to Plaintiff's office in New Jersey. In *Landsman*, the faxes originated in the Defendant's New Jersey offices and were sent to the Plaintiff's offices in New York. The *only* relationship to New Jersey in this case is that the Plaintiff received two errant faxes in its New Jersey office. Otherwise it is a New York based case. The matter centers on advertising in *New York House* for New York real estate. The focus of the activity about which Plaintiff complains lies in New York.

Curiously, Defendant moves to dismiss for failure to state a claim but in response Plaintiff opposed under 12(b)(1) for jurisdiction. Thus, it is clear to the Court that Plaintiff was aware of the jurisdictional issue.

The Court herein adopts the ruling in *Landsman*, and in applying New York law to this case, dismisses Plaintiff's putative class action under the TCPA for lack of subject matter jurisdiction. The Court further applies the rationale of the Honorable William J. Martini's decision in *Afgo* that there is no class pursuant to Fed. R. Civ. P. 23.

IT IS on this 21 day of September, 2009;

ORDERED that Plaintiff's Complaint is dismissed pursuant to Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction.

September 21, 2009                                      _____
                                                         PETER G. SHERIDAN, U.S.D.J.